IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, ) | Civ. No. 25-00165 HG-WRP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KAREN PEDRO; PEARL JOHNSON; ) | |
| YVETTE AHQUIN; the Heirs, ) | |
| Personal Representatives or ) | |
| Assigns of ETHEL MAKAAA, aka ) | |
| ETHEL GUERERRO; the Heirs, ) | |
| Personal Representatives or ) | |
| Assigns of WILLIAM MAKAAA; ) | |
| the Heirs, Personal ) | |
| Representatives or Assigns of ) | |
| KUPELE KAHINU; the Heirs, ) | |
| Personal Representatives or ) | |
| Assigns of JAMES KAWAI; the ) | |
| Heirs, Personal ) | |
| Representatives or Assigns of ) | |
| LEWAINA KAUPONO, aka LEWAINA ) | |
| LUA; the Heirs, Personal ) | |
| Representatives or Assigns of ) | |
| KALAKALA LUA, JR. aka ) | |
| KAKELAKA LUA, JR.; the Heirs, ) | |
| Personal Representatives or ) | |
| Assigns of KUAHINE; the ) | |
| Heirs, Personal ) | |
| Representatives or Assigns of ) | |
| MISS KAPUNA; the Heirs, ) | |
| Personal Representatives or ) | |
| Assigns of JONATANA KUPAU; ) | |
| the Heirs, Personal ) | |
| Representatives or Assigns of ) | |
| JOSUA MAHAKEA; CHARLENE ) | |
| PUAMOHALA SHIMADA; ELISABETH ) | |
| ROSE POHAIKELOHA SHIMADA, aka ) | |
| ELISABETH ROSE POHAIKELOHA ) | |
| VALENTIN; and DOE DEFENDANTS ) | |
| 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER REMANDING CASE**

On April 22, 2025, Defendants Karen Pedro and Yvette Ahquin,

1

proceeding pro se, filed a document entitled, "DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION."  (ECF No. 1).

The two Defendants removed a pending eminent domain action from Hawaii State Court.  The action was brought by the State of Hawaii pursuant to Hawaii Revised Statutes § 101-29.  The state law eminent domain action was brought against fifteen individual defendants and their Heirs, Personal Representatives, or Assigns, in <u>State of Hawaii v. Karen Pedro, Pearl Johnson; Yvette Ahquin; the Heirs, Personal Representative or Assigns of Ethel Makaaa aka Ethel Guererro; the Heirs, Personal Representative or Assigns of William Makaaa; the Heirs, Personal Representative or Assigns of Kupele Kahinu; the Heirs, Personal Representative or Assigns of James Kawai; the Heirs, Personal Representative or Assigns of Lewaina Kaupono aka Lewaina Lua; the Heirs, Personal Representative or Assigns of Kalakala Lua, Jr. aka Kakelaka Lua, Jr.; the Heirs, Personal Representative or Assigns of Kuahine; the Heirs, Personal Representative or Assigns of Miss Kapuna; the Heirs, Personal Representative or Assigns of Jonatana Kupau; the Heirs, Personal Representative or Assigns of Josua Mahakea; Charlene Puamohala Shimada; Elisabeth Rose Pohaikeloha Shimada aka Elisabeth Rose Pohaikeloha Valentin; Doe Defendants 1-50</u>, 1CCV-25-0000246, from the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-1).

This action is summarily **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii.

2

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and federal statutes.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).

Removal statutes are strictly construed and a party seeking removal has the burden to establish that removal is proper.  <u>Hawaii ex rel. Louis v. HSBC Bank Nevada, N.A.</u>, 761 F.3d 1027, 1034 (9th Cir. 2014).  Any doubt as to the propriety of removal is resolved against removability.  <u>Id.</u>

**ANALYSIS**

On April 22, 2025, Karen Pedro and Yvette Ahquin, proceeding pro se, removed a pending state court action, <u>State of Hawaii v. Karen Pedro, Pearl Johnson; Yvette Ahquin; the Heirs, Personal Representative or Assigns of Ethel Makaaa aka Ethel Guererro; the Heirs, Personal Representative or Assigns of William Makaaa; the Heirs, Personal Representative or Assigns of Kupele Kahinu; the Heirs, Personal Representative or Assigns of James Kawai; the Heirs, Personal Representative or Assigns of Lewaina Kaupono aka Lewaina Lua; the Heirs, Personal Representative or Assigns of Kalakala Lua, Jr. aka Kakelaka Lua, Jr.; the Heirs, Personal Representative or Assigns of Kuahine; the Heirs, Personal Representative or Assigns of Miss Kapuna; the Heirs, Personal Representative or Assigns of Jonatana Kupau; the Heirs, Personal</u>

3

<u>Representative or Assigns of Josua Mahakea; Charlene Puamohala Shimada; Elisabeth Rose Pohaikeloha Shimada aka Elisabeth Rose Pohaikeloha Valentin; Doe Defendants 1-50</u>, 1CCV-25-0000246, from the Circuit Court of the First Circuit, State of Hawaii. (ECF No. 1-1).

The Hawaii State Court matter stems from an eminent domain action brought pursuant to Haw. Rev. Stat. § 101-29. The eminent domain action was brought by the State of Hawaii in Hawaii state court pursuant to Hawaii state law against fifteen individual defendants and their heirs, personal representatives, and/or assigns. Only two of the individual defendants have removed the case.

The Notice of Removal is improper. The United States District Court for the District of Hawaii lacks subject-matter jurisdiction over the Hawaii state court action.

### I.   There Is No Federal Question In The Hawaii State Court Complaint

There is no basis for removal based on a federal question. 28 U.S.C. § 1441(a); 28 U.S.C. § 1331. There are no federal questions presented in the Hawaii State Court eminent domain action. (Complaint in Eminent Domain, attached as Ex. 1 to Notice of Removal, ECF No. 1-1). As Defendants Pedro and Ahquin acknowledge, the Complaint is brought pursuant to Section 101-29 of the Hawaii Revised Statutes. (Notice of Removal at p. 2, ECF No. 1).

Defendants Pedro and Ahquin, however, seek to invoke federal law as a defense to the eminent domain action. Subject-matter jurisdiction based on a federal question cannot be based on a defense or claim raised by a defendant, but it must "be disclosed on the face of the complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009).

**II.   There Is No Basis For Diversity Jurisdiction**

There is no basis for removal based on diversity jurisdiction. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. The Notice of Removal demonstrates that Defendants are citizens of the State of Hawaii for purposes of diversity jurisdiction. The forum-defendant rule provides that a party who is a citizen of the State in which the action was brought is precluded from removing the action to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2); see Trotta v. URS Fed. Srvs., Inc., 532 F.Supp.3d 985, 989 (D. Haw. 2021).

**III. Removal Is Also Procedurally Improper**

Defendants Pedro and Ahquin's Notice of Removal is also improper because not all of the Defendants have joined in the removal. 28 U.S.C. § 1446(b)(2)(A).

It is unclear whether removal is also untimely as Defendants Pedro and Ahquin have not provided any evidence as to service of the Complaint. See 28 U.S.C. § 1446(2)(B).

Defendants Pedro and Ahquin's Notice of Removal (ECF No. 1)

5

is wholly frivolous.  There is no basis for removal that would provide the Court with subject-matter jurisdiction over the Hawaii State Court action in 1CCV-25-0000246, from the Circuit Court of the First Circuit, State of Hawaii.

**CONCLUSION**

The case is **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

The Clerk of Court is directed to immediately transfer this case and all files herein to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: May 2, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

State of Hawaii v. Karen Pedro, Pearl Johnson; Yvette Ahquin; the Heirs, Personal Representative or Assigns of Ethel Makaaa aka Ethel Guererro; the Heirs, Personal Representative or Assigns of William Makaaa; the Heirs, Personal Representative or Assigns of Kupele Kahinu; the Heirs, Personal Representative or Assigns of James Kawai; the Heirs, Personal Representative or Assigns of Lewaina Kaupono aka Lewaina Lua; the Heirs, Personal Representative or Assigns of Kalakala Lua, Jr. aka Kakelaka Lua, Jr.; the Heirs, Personal Representative or Assigns of Kuahine; the Heirs, Personal Representative or Assigns of Miss Kapuna; the Heirs, Personal Representative or Assigns of Jonatana Kupau; the Heirs, Personal Representative or Assigns of Josua Mahakea; Charlene Puamohala Shimada; Elisabeth Rose Pohaikeloha Shimada aka Elisabeth Rose Pohaikeloha Valentin; Doe Defendants 1-50, Civ. No. 25-00165 HG-WRP; **ORDER REMANDING CASE**